UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

No. 1:08-CR-274

vs.

EMOND DUREA LOGAN,

Hon. Paul L. Maloney

    Defendants.

## OBJECTION TO GOVERNMENT'S INITIAL PRETRIAL CONFERENCE SUMMARY STATEMENT

TO THE COURT AND ASSISTANT UNITED STATES ATTORNEY:

NOTICE IS HEREBY GIVEN that I presently represent defendant EMOND LOGAN, who is charged with violation of 21 U.S.C. §846, 21 U.S.C. §814(a)(1), 21 U.S.C. §814 (b)(1)(A)(ii), and 18 U.S.C. §1956.

I hereby object to the Government's initial pretrial conference summary statement on the grounds that it is overbroad, irrelevant, and not specifically tailored to the individual defendants in this case.

Specifically, in Section I(C), the Government has indicated they are in possession of certain documents, tangible objects, and physical evidence listed on the attached inventory. However, such evidence was never seized from the Defendant, and the Government has never informed defense counsel of whether the evidence seized was in the possession and control of Emond Logan. Additionally, in the attachment to Section I(C), the Government has given no indication that any evidence they will present is tied specifically to defendant Emond Logan.

Further, in Section I(D), the Government has indicated that they have or expect to have

reports of drug analysis, handwriting, computer forensics, and evaluation of assets. Yet nothing of the sort has been provided to the Defendant.

Defense counsel has sent an Informal Discovery Request, to which the Government answered with unspecific responses not tailored to Defendant's requests, as well as failing to distinguish the responses to each individual defendant, as they have done in the Initial Pretrial Conference Summary Statement. See **Attachment 1**, Defendant's Informal Discovery Requests.

Upon receipt of the Government response, Defendant sent a letter requesting clarification as to which request and which defendant the Government's answer was responsive to. Defense counsel never received a response as to whether the Government has any intention of clarifying its Discovery response. See **Attachment 2**, Letter to Brian Lennon. The Government also did not respond to a follow up letter sent by Defense counsel, See **Attachment 3**, Letter to Brian Lennon.

Respectfully Submitted,

Date: May 7, 2010

_____

LEO JAMES TERRELL

Attorney for Defendants Emond Logan


Law Offices of Leo James Terrell

8383 Wilshire Boulevard, Suite 920

Beverly Hills, CA 90211 (323) 655-6909

**ATTACHMENT 1**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                           No. 1:08-CR-274

vs.

KELLY BURNET GARMON,                Hon. Joseph G. Scoville
CHARLES JACKSON, SR.,                 Magistrate Judge
CHARLES JACKSON, JR.,
WILLIE CORNELIUS JACKSON,
SAMUEL AARON COLLINS,
   Also Known As "Duran Anthony Lloyd,"
   Also Known As "DuJuan Winston,"
   Also Known As "Steven Parker,"
   Also Known as "Lucio Garcia,"
ROBERT EDWARD WILSON,
OWASU ANANEH FIREMPONG,
REGINA Y. CAWTHORNE-SHARIFF,
JAMES DYLAN HAYES,
   Also Known As "Shawn Anthony Davis,"
MARLAN MICAH McRAE,
   Also Known As "Reece,"
EMOND DUREA LOGAN,
CAROLINE EPPS LOGAN,
MARTELL D. LOGAN, and
SHARON LOGAN,

       Defendants.

## INFORMAL DISCOVERY REQUEST

TO ASSISTANT UNITED STATES ATTORNEY:

NOTICE IS HEREBY GIVEN that I presently represent defendant EMOND DUREA LOGAN, who is charged with violation of 21 U.S.C. §846, 21 U.S.C. §814 (a)(1), 21 U.S.C. §841 (b)(1)(A)(ii), and 18 U.S.C. §1956.

Pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence and this Court's Administrative Standing Order, I hereby request that you provide me with copies of

1

the following information, or provide me with the opportunity to review all of the following

information.

1. Any relevant written or recorded statements made by the defendant, Emond Logan, including, but not limited to, the rough notes of any interrogatories of the defendant, Emond Logan, before or after arrest by any persons then known to be government agents. (See this Court's Administrative Order No. 06-085, Standing Order Regarding Discovery in Criminal Cases.)

2. The defendant, Emond Logan's, arrest and conviction record. (See this Court's Administrative Order No. 06-085, Standing Order Regarding Discovery in Criminal Cases.)

3. Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial. (See this Court's Administrative Order No. 06-085, Standing Order Regarding Discovery in Criminal Cases.)

4. The substance of any oral statement made by the defendant, Emond Logan, before or after his arrest in response to interrogation by a person then known to be a government agent which the government intends to offer in evidence at trial. (See this Court's Administrative Order No. 06-085, Standing Order Regarding Discovery in Criminal Cases.)

5. Recorded grand jury testimony of the defendant, Emond Logan, relating to the offenses charged. (See this Court's Administrative Order No. 06-085, Standing Order Regarding Discovery in Criminal Cases.)

6. Books, papers, documents, photographs, tangible objects, buildings or place which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belong to defendant, Emond Logan. (See this Court's Administrative Order No. 06-085, Standing Order Regarding Discovery in Criminal Cases.)

7. All information and material known to the government which may be favorable to the defendant, Emond Logan, on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). (See this Court's Administrative Order No. 06-085, Standing Order Regarding Discovery in Criminal Cases.)

8. Impeachment information relating to witnesses that is within the ambit of the Jencks Act and within the ambit of Brady, including any prior criminal record of any alleged informant who will testify for the government at trial. (See this Court's Administrative Order No. 06-085, Standing Order Regarding Discovery in Criminal Cases.)

9. All latent fingerprints or palm prints which have been identified by a government expert as those of the defendant, Emond Logan. (See this Court's Administrative Order No. 06-085, Standing Order Regarding Discovery in Criminal Cases.)

10. All of the documents, writings (as defined by Evidence Code section 250) notes, raw notes, handwriting samples obtained in the course of the investigation of Defendant Emond Logan's charge of a violation of 21 U.S.C. §846, 21 U.S.C. §814 (a)(1), 21 U.S.C. §841 (b)(1)(A)(ii), and 18 U.S.C. §1956.

11. Names, current addresses and telephone numbers of all witnesses to be called to testify against the defendant, Emond Logan, at trial and of all percipient witnesses and potential witnesses, whether or not the prosecution intends to call the witness to testify against the defendant, Emond Logan, at trial (Brady v. Maryland, supra)

12. All statements or utterances by the defendant, oral or written, however recorded or preserved, whether or not signed or acknowledged by the defendant, Emond Logan. (Brady v. Maryland, supra.)

13. The content of any statements made in the defendant, Emond Logan's presence while being interrogated by law enforcement that were intended or might reasonably be expected to have the effect of encouraging the defendant to give a statement about the offense to the police.

14. All physical evidence obtained in the investigation of the case against defendant, Emond Logan.

15. All photographs, transparencies, slides, diagrams, motion pictures, and videotapes of the scene of the alleged offense(s).

16. All photographs, motion pictures, or videotapes of the defendant, Emond Logan, made at or near the time of defendant's arrest in this case.

17. All photographs, videotapes, motion pictures, composites, or likenesses shown to witnesses and prospective witnesses in this case for the purpose of establishing the identity of suspects in the crime charged against the defendant, Emond Logan, and all reports concerning the display of such.

18. The names and addresses of each witness shown or attending a line-up involving the above-entitled case and the results of any such line-up. (Brady v.Maryland, supra.)

19. Any record of criminal arrests or convictions (whether for felonies or misdemeanors) of any witness to be called to testify against the defendant, Emond Logan.

20. Any promises and/or inducements of any kind made by the prosecution to induce or encourage a witness to assist the prosecution in its investigation of the above-entitled

case, or to induce a witness to testify for the prosecution in the above-entitled case. (Brady v. Maryland, supra.)

21. Any information relevant to impeachment of any witnesses that the prosecution intends to call at the trial, including any threats, promises, inducements, offers of reward or immunity, affirmative representations made or implied, and any record of convictions, or of pending charges, probation, or parole. (Davis v. Alaska (1974) 415 US 308)

22. The identity and whereabouts of any material informants.

23. All written or recorded statements of witnesses who will testify at trial.

24. All written or recorded statements of percipient witnesses, whether or not they will be called to testify.

25. All notes and reports of police officers and investigators concerning the offense charged. This includes reports concerning all aspects of the case, e.g., the crime, the defendant, Emond Logan's, arrest, law enforcement activities and observations, and conversations with witnesses and potential witnesses

26. All reports and notes of any law enforcement officer or investigator concerning the defendant, Emond Logan, and/or the above-entitled case that are maintained separately from the official file, e.g., as "current investigation files," "field identification notes," or "street files."

27. Any evidence to be used in rebuttal of the defense case.

28. Any and all notes, information, documents and other materials related to or mentioning Henry Macias.

29. Any and all interviews, statements, plea deals, documents or writings obtained from Henry Macias.

30. Any and all interviews, statements, plea deals, documents or writings obtained from Alvin Maurice Anderson, also known as "Reece".

31. Any and all interviews, statements, plea deals, documents or writings obtained from Kelly Burnett Garmon.

32. Any and all interviews, statements, plea deals, documents or writings obtained from Charles Jackson Sr.

33. Any and all interviews, statements, plea deals, documents or writings obtained from Charles Jackson Jr.

34. Any and all interviews, statements, plea deals, documents or writings obtained from Willie Cornelius Jackson.

35. Any and all interviews, statements, plea deals, documents or writings obtained from Samuel Aaron Collins, also known as "Duran Anthony Lloyd", "DuJuan Winston", "DuJuan Bell", "Steven Parker" and "Lucio Garcia".

36. Any and all interviews, statements, plea deals, documents or writings obtained from Robert Edward Wilson.

37. Any and all interviews, statements, plea deals, documents or writings obtained from Owusu Ananeh Firempong.

38. Any and all interviews, statements, plea deals, documents or writings obtained from Regina Y. Cawthorne-Shariff.

39. Any and all interviews, statements, plea deals, documents or writings obtained from James Dylan Hayes, also known as "Shawn Anthony Davis".

40. Any and all interviews, statements, plea deals, documents or writings obtained from Marlan Micah McRae.

41. Any and all interviews, statements, plea deals, documents or writings obtained from Emond Durea Logan.

42. Any and all interviews, statements, plea deals, documents or writings obtained from Caroline Epps Logan.

43. Any and all interviews, statements, plea deals, documents or writings obtained from Martell D. Logan.

44. Any and all interviews, statements, plea deals, documents or writings obtained from Sharon Logan.

45. Any and all interviews, statements, plea deals, documents or writings obtained from Alvin Keith Jackson.

46. Any and all interviews, statements, plea deals, documents or writings obtained from Donnie Charles.

47. Any and all interviews, statements, plea deals, documents or writings obtained from Lindell Brown.

48. Any and all interviews, statements, plea deals, documents or writings obtained from Felicia Blake.

49. Any and all interviews, statements, plea deals, documents or writings obtained from Tamara Hughes.

50. Any and all interviews, statements, plea deals, documents or writings obtained from Kevin Emerson, also known as "Kenneth Coleman".

51. Any and all notes, information, documents and other materials related to or mentioning Anthony Strange.

52. Any and all notes, information, documents and other materials related to or mentioning Police Officers that have visited the home of Emond Logan.

53. Any and all telephone records obtained by the Government regarding any telephone owned or in the possession of Emond Logan.

54. Any and all telephone records obtained by the Government regarding any telephone owned or in the possession of Caroline Logan.

55. Any and all telephone records obtained by the Government regarding any telephone owned or in the possession of Marvin Epps Jr.

56. Any and all telephone records obtained by the Government regarding any telephone owned or in the possession of Martell D. Logan.

57. Any and all telephone records obtained by the Government regarding any telephone owned or in the possession of Sharon Logan.

58. Any and all telephone records obtained by the Government regarding any telephone owned or in the possession of Alvin Keith Jackson.

59. Any and all records indicating the date in which the money seized from Emond Durea Logan was printed.

60. Any and all records containing the police report memorializing the shooting incident of Alvin Keith Jackson.

61. Any and all telephone records or recordings involving Alvin Keith Jackson during the time he was in jail, specifically any communications between Alvin Keith Jackson and Lisa Buchanan-Jackson.

62. Any and all telephone records or recordings involving Emond Durea Logan during the time he was in jail.

63. Any and all references, documents, or notes pertaining to truck seals on truck loads driven by Emond Logan that were tampered with and/or broken.

64. Any and all allegations of illegal drugs delivered during the course of Emond Logan's truck routes.

65. Documentation of any traffic tickets Emond Logan or his driver received in New Mexico.

66. Any and all references, documents, or notes relating to any bank accounts at Wescom Bank owned by Emond Logan.

67. Any and all records regarding vehicles belonging to Alvin Keith Jackson.

Defendant asks that this document be treated as a continuing request through the completion of trial.

Date: April ___, 2010

Respectfully Submitted,
/s/ Leo James Terrell
LEO J. TERRELL
Attorney for Defendants Emond Durea Logan, Caroline Epps Logan, Martell D. Logan and Sharon Logan
Law Offices of Leo James Terrell
8383 Wilshire Boulevard, Suite 920
Beverly Hills, CA 90211 (323) 655-6909

**ATTACHMENT 2**

*Law Offices of*
# LEO JAMES TERRELL
8383 Wilshire Blvd., Ste. 920•Beverly Hills, CA. 90211•TEL: (323) 655-6909•FAX: (323) 655-5104

April 28, 2010

Brian P. Lennon
US Attorney(Grand Rapids)
The Law Bldg.
330 Ironia Ave. NW
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404


Re: United States of America vs. Emond Durea Logan, et al.
Case No. 1:08-CR-274


Dear Mr. Lennon,

Today I received your response to Defendants' Informal Discovery Request and the attached documents. Considering a request was sent for each individual defendant, I need to know if you are going to provide documents specifically responding to each individual Defendant's request.

Your response fails to indicate the specific request to which you have complied. Also, your response does not identify which defendant's request it is in response to. Further, there is no reference to any documents pertaining to Martell Logan and Sharon Logan. We sent you four separate requests. You responded by sending us a collection of documents. Therefore, we have outstanding requests for documents for each individual defendant. Please respond to the inquiries made in this correspondence on or before Friday, April 30, 2010.

Regards,

Moniqua Banks, Esq.
Attorney for Defendants,
Emond Logan, Caroline Epps Logan, Martell Logan, and Sharon Logan

1

**ATTACHMENT 3**

*Law Offices of*
**LEO JAMES TERRELL**

8383 Wilshire Blvd., Ste. 920•Beverly Hills, CA. 90211•TEL: (323) 655-6909•FAX: (323) 655-5104

May 3, 2010

Brian P. Lennon
US Attorney(Grand Rapids)
The Law Bldg.
330 Ironia Ave. NW
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404


      Re: United States of America vs. Emond Durea Logan, et al.
      Case No. 1:08-CR-274


Dear Mr. Lennon,

      We sent you a letter on April 28, 2010 via U.S. mail and email regarding your response to Defendant's Informal Discovery Request and the attached documents. As of today, we have not received a response to the inquiries posed on the letter.

      We would like to know if you plan to respond to the inquiries in the letter, and if so, by what date? Your delay is prejudicing defendants' ability to conduct an effective defense. Please respond to this letter on or before Thursday, May 6, 2010.

Regards,

Moniqua Banks, Esq.
Attorney for Defendants,
Emond Logan, Caroline Epps Logan, Martell Logan, and Sharon Logan

1