UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                  No.1:08-CR-274-16

v.

                                           Hon. Paul L. Maloney
EMOND DUREA LOGAN,              Chief United States District Judge

        Defendant.
_____/

## PLEA AGREEMENT

        The United States of America, by and through Donald A. Davis, United States Attorney for the Western District of Michigan, and Assistant United States Attorney Brian P. Lennon, and the Defendant Emond Durea Logan, and his attorney, Leo James Terrell, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, have entered into an agreement resolving this matter by a plea of guilty under the following terms and conditions:

        1.     <u>The Defendant Agrees to Plead Guilty</u>. The Defendant agrees to plead guilty to Count One of the Second Superseding Indictment, charging him with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

        2.     <u>The Defendant Understands the Crime</u>. In order for the Defendant to be guilty of violating Title 21, United States Code, Sections 846 and 841(a)(1), the following must be true: (1) that Defendant conspired or agreed with at least one other person -- specifically, Alvin Keith Jackson -- to commit the crime of distribution and possession with intent to distribute cocaine; (2) that

Defendant knowingly and intentionally joined the conspiracy; and (3) that the overall conspiracy involved five (5) kilograms or more of cocaine.

3.  The Defendant Understands the Penalties. The Defendant realizes that this charge is punishable by a mandatory minimum of 10 years and a maximum sentence of life in prison, a maximum fine of $4,000,000, a period of supervised release following incarceration of not less than five (5) years, and a mandatory $100 special assessment. Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4.  Stipulation of Facts. The United States Attorney's Office and the Defendant stipulate to the facts stated below with the understanding that, pursuant to USSG § 6B1.4(d), neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both the Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. The Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, the Defendant cannot, for that reason alone, withdraw his guilty plea.

   A.  That between on or about an unknown date in 2004 and continuing through in or about January 2007, as alleged in Count One of the Second Superseding Indictment, Defendant was the courier for Alvin Keith Jackson, who is Defendant's wife's brother-in-law. As the courier for Alvin Keith Jackson and at Jackson's direction, Defendant transported loads of cocaine from the

Los Angeles, California area to the Detroit, Michigan area, using a tractor-trailer. Defendant also transported loads of drug proceeds in the form of United States currency from Michigan to California, at Alvin Keith Jackson's direction and via U.S. interstate highways, including Interstate 94 in both the Western and Eastern Districts of Michigan. Defendant acknowledges that at trial the Government could prove that some of the cocaine he delivered for Alvin Keith Jackson was later distributed in and around the Lansing, Michigan area by AHH DEE AHH, a Detroit-based drug trafficking organization operating in the Lansing, Michigan area. Further, there was a mutual understanding between the Defendant, Alvin Keith Jackson, and others to financially benefit from Alvin Keith Jackson's cocaine trafficking between California and Michigan.

        B.      That over the course of the conspiracy, Defendant transported over 150 kilograms of cocaine for and at the direction of Alvin Keith Jackson.

        C.      That it was further part of the conspiracy that Defendant used some portion of his drug proceeds to pay for various motor vehicles, including a tractor-trailer, the mortgage for his residence located at 19058 Springbrook Court, Riverside, California 92508, items of personal property, credit card bills, and other living expenses, from sometime in 2004 through in or about August 2009.

    5.      The Defendant Agrees:

        A.      <u>To Cooperate with Law Enforcement</u>. The Defendant agrees to cooperate fully with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), the U.S. Attorney's Office for the Western District of Michigan, and any other law enforcement agency in their investigation of the charge contained in the Second Superseding Indictment as well as the investigation of crimes over which they have actual or apparent jurisdiction. The Defendant's

3

cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the Defendant's possession or under the Defendant's control, including, but not limited to, objects, documents, and photographs. The Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the Defendant should reasonably know will assist in the investigation of other criminal activity. The Defendant will not commit any criminal offense during the course of his cooperation with the United States. The Defendant will submit to polygraph examination(s) upon request. The Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

  B. <u>To Waive Any Conflict of Interest Challenge</u>: The Defendant acknowledges that his retained attorney, Leo James Terrell, jointly represents Defendant and three other co-defendants in the above-captioned case: Defendant's wife, Caroline Epps Logan; Defendant's brother, Martell D. Logan; and Defendant's sister-in-law, Sharon Logan. The Defendant understands that he is entitled to conflict-free representation and that joint representation of defendants in federal criminal cases is disfavored and discouraged. Nevertheless, the Defendant hereby asserts that he wants Attorney Leo James Terrell to continue to represent him for the purpose of this guilty plea and sentencing. Defendant knowingly and voluntarily forever waives his right to later claim that his

4

counsel was somehow ineffective based on Attorney Terrell's joint representation in this case.

        C.      <u>To Waive Some Direct Appeal And Section 2255 Rights</u>: The Defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal any sentence that is at or below the maximum advisory guideline range as determined by the Court at sentencing, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, or any ground whatsoever. Defendant retains the right to appeal a sentence above the maximum advisory guideline range, and those objections preserved at sentencing that the Court incorrectly determined the final Guideline range. Additionally, as a matter of law, the Defendant retains the right to appeal a sentence that exceeds the statutory maximum for the crime charged, or is based upon an unconstitutional factor, such as race, religion, national origin or gender. The Defendant acknowledges that this waiver is in exchange for the substantial concessions made by the United States Attorney's Office in this Plea Agreement, including those enumerated in paragraph six (6) of this Agreement. The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255. The Defendant waives his right to claim that his counsel, Leo James Terrell, was ineffective, including any challenge based on his counsel's joint representation of other defendants in this case. This Agreement does not affect in any way the right of the United States Attorney's Office to appeal the sentence imposed by the Court.

        D.      <u>To Consent to Forfeiture</u>. The Defendant agrees to disclose to law enforcement officials the whereabouts of, the Defendant's ownership interest in, and all other information known to the Defendant about, all property or assets of any kind, derived from or

acquired as a result of, or used to facilitate the commission of, the Defendant's illegal activities, and shall forfeit, pursuant to 21 U.S.C. § 853(a), all interest in such property or assets. To that end, the Defendant consents to the entry of an order of forfeiture of all accounts, vehicles, and real and personal property listed in the forfeiture allegation contained in the Second Superseding Indictment, and any other accounts, vehicles, and items of Defendant's personal property seized by ATF from the Defendant's home and elsewhere in September 2009, including funds withdrawn by Defendant's wife, Caroline Epps Logan, from her Chase Bank account on September 12, 2009; funds that Chase Bank failed to freeze and hold pursuant to a State of California seizure order issued to Chase Bank on September 11, 2009. The Defendant herein admits that all of these accounts, vehicles, real property, and items of personal property, constitute the proceeds, or are traceable proceeds, of the Defendant's illegal activities and/or were used to facilitate the commission of Defendant's criminal activity, in violation of 21 U.S.C. § 853(a)(1) and (2). The Defendant further agrees to execute and deliver to the U.S. Attorney's Office a completed financial statement (Form OBD-500) listing the Defendant's assets.

6. The United States Attorney's Office Agrees:

A. To Dismiss Count Three. At sentencing, the U.S. Attorney's Office agrees to move to dismiss Count Three of the Second Superseding Indictment, charging the Defendant with a money laundering conspiracy.

B. To Not Bring Additional Charges. The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against the Defendant in the Western District of Michigan arising out of the Defendant's participation in the cocaine and money laundering conspiracies set forth in the Second Superseding Indictment, provided the Defendant or

his attorney discloses the conduct to the Government within 30 days of the date of his guilty plea. The Defendant shall remain subject to prosecution for any criminal activity that he has failed to disclose to the Government prior to this date. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

C. <u>Not to Oppose Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government states that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

D. <u>To Not Use Defendant's Statements Provided Pursuant to Cooperation</u>: The Government agrees that information provided by the Defendant through the Defendant's proffer(s), and any information provided pursuant to the Defendant's promise to cooperate as described in this agreement, will not be used by the Government to enhance the Defendant's sentence, in accordance with Sentencing Guidelines §1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer(s). It is expressly understood, however, that such information may be used by the Government at sentencing if the Defendant takes a position at

7

sentencing that contradicts information provided by the Defendant pursuant to this agreement or any proffer agreement.

E. <u>Possibility of Sentence Reduction Motions.</u> The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines §5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant fully understands that such a motion may be made pursuant to law if, and only if, the Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether the Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office. The Defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence. Additionally, the Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court -- not the Government -- would decide how much of a departure or sentence reduction the Defendant receives based upon the nature and extent of the Defendant's assistance. The Defendant understands that any departure or sentence reduction will be limited by the statutory mandatory minimum unless the Government files a written motion to release the mandatory minimum. The Defendant acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

7. <u>Consequences of Breach.</u> If the Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement,

or deny any or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

8. <u>The Sentencing Guidelines</u>. The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalty described elsewhere in this Agreement. The Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. The Court is not a Party to this Agreement. The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The Defendant understands that no one -- not the prosecutor, the Defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

10. Deadline for Acceptance. If a copy of this agreement, executed by the Defendant and defense counsel, is not returned to the U.S. Attorney's Office by **3:00 PM (EST) on Thursday, August 26, 2010**, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

11. This is the Complete Agreement. This Plea Agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

Dated: August 27, 2010

DONALD A. DAVIS
United States Attorney

_____
BRIAN P. LENNON
Assistant United States Attorney
Western District of Michigan

10

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement, unless otherwise made in writing and signed by all parties or on the record in open court. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Dated: August 27, 2010

EMOND DUREA LOGAN
Defendant

I am Emond Durea Logan's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing guideline provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Dated: August 21, 2010

LEO JAMES TERRELL, ESQ.
Attorney for Defendant Emond Durea Logan

Date: 9-10, 2010

SCOTT G. GRAHAM, ESQ.
Attorney For Emond D. Logan

11