**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION**

| | | |
|---|---|---|
| **EMOND DUREA LOGAN,** | ) | Civil No. 1:15-cv-00076 |
| | ) | |
| Defendant-Petitioner, | ) | Crim. No. 1:08-cr-00274-016 |
| | ) | |
| v. | ) | Chief District Judge Paul L. Maloney |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff-Respondent. | ) | |

## MOTION UNDER 28 U.S.C. § 2255

1. Defendant-Petitioner Emond Durea Logan is challenging a judgment of conviction out of the U.S. District Court for the Western District of Michigan, Grand Rapids Division, case number 1:08-cr-00274-016.

2. The date of the judgment of conviction was April 14, 2011. The date of sentencing was March 31, 2011.

3. Mr. Logan was convicted and sentenced for a charge of conspiracy to distribute and to possess with intent to distribute cocaine (powder) in violation of 21 U.S.C. § 846.

4. The district court ordered Mr. Logan to serve 420 months of imprisonment.

5. Mr. Logan pleaded guilty. Per agreement of the parties, the government moved to dismiss a charge of money laundering conspiracy.

6. Mr. Logan pleaded guilty and did not have a trial.

7. Mr. Logan pleaded guilty and therefore did not testify at any trial.

8. Mr. Logan appealed his sentence.

9. Mr. Logan timely filed his notice of appeal on April 19, 2011. He appealed to the U.S. Court of Appeals for the Sixth Circuit, case number 11-1522. Mr. Logan argued on appeal that

   (A) the Government Breached the Plea Agreement by Opposing Mr. Logan's Request for a Two-level Reduction for Acceptance of Responsibility based upon Information the Government Knew before the Parties Entered the Plea Agreement, and

   (B) the District Court Erred in Failing to Find that, Despite the Obstruction of Justice Enhancement, Mr. Logan had Accepted Responsibility and Deserved the Two-level Reduction.

   The Sixth Circuit affirmed on November 13, 2013. Mr. Logan did not proceed to the U.S. Supreme Court.

10. Mr. Logan has not filed any other motion, petition or application concerning this judgment of conviction.

11. Mr. Logan has not filed any other motion, petition or application concerning this judgment of conviction.

12. Arguments:

    GROUND ONE: Mr. Logan's Second-appearing Counsel was Prejudicially Ineffective, as a Reasonable Probability Exists that, but for the Attorney's Bad Advice to Reject the Already-signed Plea Agreement, Mr. Logan would have Received a Much Shorter Prison Sentence.

(a) Supporting Facts: At the time Mr. Logan was being advised and represented by attorneys Richard Zambon and Leo James Terrell, the government offered Mr. Logan a plea deal with a ten-year cap. Mr. Logan knew he was guilty of the cocaine conspiracy charge and that he needed to plead guilty, and he advised both Mr. Zambon and Mr. Terrell of those facts. Mr. Zambon advised Mr. Logan to sign the ten-year deal, and Mr. Logan did so. But Mr. Terrell advised that, despite Mr. Logan's statements about guilt and understanding of the need to plead guilty, Mr. Logan should proceed to trial because Mr. Terrell reported that he could beat the charges at trial. Mr. Logan heeded Mr. Terrell's legal advice. Mr. Zambon stopped representing Mr. Logan at that time. Because of a conflict of interest or potential conflict of interest with Mr. Terrell representing Mr. Logan, the Court later appointed attorney Scott Graham as co-counsel for Mr. Logan. Mr. Graham advised Mr. Logan exactly what Mr. Zambon had advised—Mr. Logan should plead guilty. The government's evidence was strong, Mr. Logan was guilty of the cocaine conspiracy charge. Thus, Mr. Logan agreed to plead guilty. But by this time, the government's ten-year plea offer was off the table. Rather than being sentenced to ten years or less, Mr. Logan was sentenced to serve 420 months of imprisonment.

(b) Mr. Logan did not raise this issue on appeal because this is an ineffective assistance of counsel issue based upon evidence that was previously outside the record and, thus, is appropriately raised here for the first time. *Massaro v. United States*, 538 U.S. 500, 505-06, 123 S. Ct. 1690 (2003).

(c) Mr. Logan has not raised this issue in any post-conviction motion, petition or application.

13. No ground or argument in this motion was previously raised in any other federal court.

14. Mr. Logan has no motion, petition or appeal pending in any other court relating to the judgment of conviction under challenge here.

15. The following are the names and addresses of the attorneys previously representing Mr. Logan:

    (a) At the preliminary hearing, Leo James Terrell, 8383 Wilshire Boulevard, Suite 920, Beverly Hills, CA 90211.

    (b) At the guilty plea hearing, Leo James Terrell, 8383 Wilshire Boulevard, Suite 920, Beverly Hills, CA 90211, and Scott Graham, Howard & Howard Attorneys, P.C., 151 South Rose Street, Suite 800, Kalamazoo, MI 49007-4718.

    (c) At sentencing, Leo James Terrell, 8383 Wilshire Boulevard, Suite 920, Beverly Hills, CA 90211, and Scott Graham, Howard & Howard Attorneys, P.C., 151 South Rose Street, Suite 800, Kalamazoo, MI 49007-4718.

    (d) On appeal, Jeffrey M. Brandt, Robinson & Brandt, P.S.C., 629 Main Street, Suite B, Covington, KY 41011

16. Mr. Logan has no future sentence to serve after he completes the sentence for the judgment challenged here.

17. This motion is timely filed. Mr. Logan's conviction became final on February 11, 2014, which was 90 days after the Sixth Circuit denied Mr. Logan's appeal (on November 13, 2013). *Clay v. United States*, 537 U.S. 522, 525, 123 S. Ct. 1072 (2003); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). This motion is filed less than a year following February 11, 2014.

Wherefore, Mr. Logan asks that the Court to conclude that his former counsel was prejudicially ineffective for advising him to not accept an early offer from the government to plead guilty to a sentence of no more than ten years. To remedy this constitutional error, Mr. Logan asks the Court to vacate his convictions and sentence and direct the government to re-offer the government's early plea deal. Mr. Logan asks that the Court then allow him to be re-sentenced to no more than ten year, just as if he had pleaded guilty and agreed to fully admit his offense conduct before the government obtained and filed an indictment. In the alternative, Mr. Logan

Respectfully submitted,

ROBINSON & BRANDT, P.S.C.

Dated: 27 January 2015          /s/     Jeffrey M. Brandt
                                        Jeffrey M. Brandt, Esq.
                                        Ohio Reg. No. 0065475
                                        629 Main Street
                                        Suite B
                                        Covington, Ky 41011
                                        (859) 581-7777 voice
                                        (859) 581-5777 facsimile
                                        jbrandt@robinsonbrandt.com
                                        assistant@robinsonbrandt.com

**CERTIFICATE OF SERVICE**

I certify that on the date reported below I filed this Motion under 28 U.S.C. § 2255 through the district court clerk's Electronic Filing System, which should cause a copy to be served electronically upon Assistant U.S. Attorneys Brian P. Lennon, Joel S. Fauson, and Matthew G. Borgula. I am also sending a courtesy copy by U.S. Mail to those same attorneys at 330 Ionia Avenue, NW, P.O. Box 208, Grand Rapids, MI 49501-0208.

Dated: 27 January 2015　　　　　　　　　　　/s/　<u>Jeffrey M. Brandt</u>
　　　　　　　　　　　　　　　　　　　　　　　　　Jeffrey M. Brandt, Esq.